# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R&L TRANSFER, INC. and TRUCK LEASING, LLC,

    Plaintiffs,

v.

YAYA TRANSPORT, LLC and ABDIRIZAK GURE,

    Defendants.

NO. 4:19-CV-0967

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Dismiss (Doc. 3) filed by Defendants Yaya Transport, LLC ("Yaya") and Abdirizak Gure ("Gure"). For the reasons that follow, the motion to dismiss will be denied.

### I. Background

The facts as alleged in the Complaint are as follows:

On May 18, 2017, Plaintiff Truck Leasing, LLC ("TL") owned an International ProStar tractor that was hauling trailers owned by Plaintiff R&L Transfer, Inc. ("R&L"). (*See* Doc. 1, Ex. "A", ¶¶ 5-6). At the time, the TL tractor was being operated by Jonathan Shelton ("Shelton") on Interstate 80 near Snow Shoe Township, Centre County, Pennsylvania. (*See id.* at ¶ 7). Defendant Gure was operating a 2007 Freightliner tractor with an attached trailer owned by Yaya in the same area at this time. (*See id.* at ¶¶ 8-9).

At approximately 3:50 a.m. on May 18, 2017, Gure was operating the Yaya tractor at an unsafe speed in the right travel lane on Interstate 80 without activating its rear lighting. (*See id.* at ¶ 12). In addition, the Yaya tractor and trailer did not have reflective tape or other safety mechanisms. (*See id.* at ¶ 20). As Shelton approached the unilluminated Yaya tractor-trailer while driving the TL tractor with attached R&L trailers, he was forced to apply the brakes and perform an evasive steering maneuver.

(*See id*. at ¶ 14). Shelton was unable to avoid contacting the rear of the Yaya trailer and a collision resulted. (*See id*. at ¶ 15). As a result, TL and R&L sustained $109,512.54 in damages. (*See id*. at ¶ 16).

Based on the foregoing, Plaintiffs commenced this action by filing a one-Count Complaint for negligence on or about May 6, 2019 in the Court of Common Pleas of Centre County, Pennsylvania. (*See* Doc. 1, Ex. "A", *generally*). Defendants removed the action to this Court on June 5, 2019. (*See* Doc. 1, *generally*). Defendants subsequently filed the instant motion to dismiss on June 19, 2019. (*See* Doc. 3, *generally*). Specifically, Defendants seek to dismiss the "allegations of recklessness and gross negligence so as not to open Defendants to a claim for punitive damages." (*Id*.). The motion to dismiss has now been fully briefed, so it is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendants seek dismissal of Plaintiffs' allegations of reckless conduct and gross negligence. (*See* Doc. 3, *generally*). More particularly, Defendants argue that such allegations are conclusory and not properly supported by factual averments. (*See id.*). Thus, Defendants conclude that those allegations should be dismissed so as not to expose them to a claim for punitive damages. (*See id.*). Defendants' motion will be denied.

First, Plaintiffs have adequately pled facts to plausibly support a finding of recklessness or gross negligence. A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005). Gross negligence is "a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference." *Albright v. Abington Memorial Hospital*, 696 A.2d 1159, 1164 (Pa. 1997).

At present, Plaintiffs' factual allegations are sufficient to find Defendants acted recklessly and/or grossly negligent. Plaintiffs asserts that Gure operated the unilluminated Yaya tractor and attached trailer without safety features, including reflective tape, at night on an interstate in an unreasonably slow manner in violation of state and federal law. A finding of recklessness or gross negligence is plausible on these facts. *See, e.g., White v. Trybala*, No. 19-14, 2019 WL 2119982, at *2-3 (M.D. Pa. May 15, 2019) (denying motion to dismiss allegations of reckless and gross negligence where the plaintiff pled that tractor-trailer driver failed to stop at a red light).

3

Plaintiffs have also adequately pled facts to maintain their demand for punitive damages. The Pennsylvania Supreme Court has stated that punitive damages "may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others," and because punitive damages are penal in nature, they "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton, or reckless conduct." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (2005). "Punitive damages may be awarded in Pennsylvania for reckless conduct, - that is, conduct less culpable than intentional or willful action," because "as the *Hutchison* court implicitly acknowledged," "[a] plaintiff can sue for negligence and prove recklessness, yet still be unable to prove intent." *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 359 (3d Cir. 2015) (citing *Hutchison*, 870 A.2d at 770-72). Therefore, "punitive damages may be awarded in negligence cases if the plaintiff proves greater culpability than ordinary negligence at trial," because there is nothing in "in law or logic to prevent the plaintiff in a case sounding in negligence from undertaking the additional burden of attempting to prove . . . that the defendant's conduct not only was negligent but that the conduct was also outrageous,' such that it warrants punitive damages." *Brand Mktg. Grp.*, 801 F.3d at 358 (citing *Hutchison*, 870 A.2d at 772-73). "Punitive damages will be imposed where the defendant knew or had reason to know of facts which create a high degree of risk of physical harm to another, and deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk." *Hutchison*, 870 A. 2d. at 771 n.7.

At this stage in the litigation, and as explained above, Plaintiffs' allegations of recklessness and gross negligence are sufficient to withstand the instant motion to dismiss. As a result, Plaintiffs' request for punitive damages will not be dismissed. *See, e.g.*, *White*, 2019 WL 5119982, at *3-4; *see also Holder v. Suarez*, No. 14-1789, 2016 WL 593620, at *8 (M.D. Pa. Feb. 12, 2019) (denying motion for partial summary judgment on the plaintiff's punitive damage claim where material disputes of fact

4

existed as to whether the defendant was "operating his truck with inoperable lights" and "whether the hazard lights were operational at the time of the accident").

## IV. Conclusion

For the above stated reasons, Defendants' motion to dismiss will be denied. An appropriate order follows.

| | |
|---|---|
| July 17, 2019　<br>Date | /s/ A. Richard Caputo　<br>A. Richard Caputo<br>United States District Judge |